(Hamilton County Court of Common Pleas.)

THE WILLIAM HOOPER WILL.

*Bequests subject to collateral inheritance tax—The charitable bequests void.*

---

By the will of Wm. Hooper, $100,000 was bequeathed to Douglas B. and Wm. G. Twombley, step.sons of deceased; $5,000 to Mrs. Abbe, of Washington, D. C., after the death of decedent's widow; $160,000 to charitable institutions; 100 shares of P. Ft. W. & C. Ry. stock, valued at $14,000, to Charles P. Geddes, and certain debts due to deceased from Frank A. Lee, one of the executors and trustees under the will, are released in consideration of services to be rendered to the estate, and in lieu of statutory compensation.

On behalf of the estate it was claimed in argument before Judge Ferris that in addition to excluding the exemption of $200 to each legatee, the amount of the tax due from such person is to be deducted, and the amount payable computed upon the balance. It was shown that the deceased had issue on his body living at his death, and that he died within two months after making the will. Judge Ferris held:

1st. That the legacies to the step-sons are taxable.

2nd. That the devise to Mrs. Abbe is contingent, and that the taxing of her interest is deferred until the death of the widow.

3rd. That as the deceased died leaving issue, and within a year after making the will, the bequests to charities are void under Sec. 5915, Rev. Stat.

4th. That the bequest to Geddes is taxable.

5th. That the court can not say that the debts released to Lee would give him more than a reasonable alowance, and the excess over the statutory allowance is not taxable.

6th. That the tax is payable upon the value of the legacy, less the $200 exemption, and that the amount of the tax is not to be deducted from the legacy and the tax computed upon the balance.

Thomas McDougall, for the executor.

Thomas H. Darby, for the State.